*REMAND/MADE JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4965-GW(SHx) | Date | July 6, 2012 |
|---|---|---|---|
| Title | *LTD Investments, Inc. v. Jacob W Rivera, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS (IN CHAMBERS): ORDER REMANDING ACTION TO STATE COURT**

Plaintiff LDT Investments, Inc. ("Plaintiff") sued Jacob W. Rivera and, according to the Notice of Removal filed in this case, Ron Carlos Livingston (collectively "Defendants") for a claim of unlawful detainer. The Complaint was filed in Los Angeles County Superior Court on March 27, 2012. Livingston is allegedly a tenant of Rivera, the mortgagor of a property located at 15810 Rinaldi St., Granada Hills, California 91344 (the "property"). *See* Notice of Removal at 2.

On June 6, 2012, Livingston filed the aforementioned Notice of Removal, asserting this Court has original jurisdiction over the matter because "this civil action arises under the laws of the United States." Notice of Removal 3. The alleged basis of this jurisdiction is "a defense" concerning the Protecting Tenants at Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009) (the "PTFA"). *Id.*

*Legal Standard*

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants" to federal court. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). This burden is substantial, since "[t]he removal statute is strictly construed against removal jurisdiction." *Id.*; *see also Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Federal courts have an independent duty to assess whether federal subject-matter jurisdiction exists, regardless of whether the parties raise the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "[A]

: 

Initials of Preparer  JG

*REMAND/MADE JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4965-GW(SHx) | Date | July 6, 2012 |
|---|---|---|---|
| Title | *LTD Investments, Inc. v. Jacob W Rivera, et al.* | | |

district court must remand a case if it lacks jurisdiction over the matter." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)); *see also* 28 U.S.C. § 1447(c). In fact, a court may remand a case summarily if the jurisdictional issue is obvious. *See Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations); *Gaus*, 980 F.2d at 566 ("[J]urisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

District courts have original jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).

"[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Placer Dome, Inc.*, 582 F.3d at 1091; *see also Holmes Group, Inc. v. Vornado Air Circulation, Sys., Inc.*, 535 U.S. 826, 832 (2002) ("[A]llowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded complaint doctrine."); *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) ("Jurisdiction is based on the complaint as originally filed."); *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990). The plaintiff is "the master of his complaint," and may "generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Balcorata v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Since any inquiry into the validity of a federal question is confined to the face of the complaint, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Valles*, 410 F.3d at 1075.

*Analysis*

Here, Plaintiff filed the Complaint in Los Angeles County Superior Court, asserting a single claim for unlawful detainer that is premised exclusively on California law (Cal. Civ. Code § 1940 et seq.). This claim does not inherently pose a federal question or entail the construction of federal law.

:

Initials of Preparer    JG

*REMAND/MADE JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4965-GW(SHx) | Date | July 6, 2012 |
|---|---|---|---|
| Title | *LTD Investments, Inc. v. Jacob W Rivera, et al.* | | |

As even Defendant appears to concede, there is no basis for federal-question jurisdiction on the face of the Complaint.  *See* Notice of Removal at 3.  Indeed, Defendant expressly states he is only invoking the PTFA as a "defense."  *Id.*  In and of itself, this fatal defect requires the Court to remand the case for lack of subject-matter jurisdiction.[1]

As such, Defendant has failed to meet his burden of showing that federal-question jurisdiction exists.  The Court lacks subject-matter jurisdiction and hereby remands this action to the Superior Court of Los Angeles County.

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

---

[1] Even if the Complaint did in fact reference the PTFA, that would be insufficient to confer federal-question jurisdiction over a case predicated on state law.  *See Merrell Dow Pharms. v. Thompson,* 478 U.S. 804, 813 (1986)*; Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).  In fact, some federal courts have held that the PTFA does not even create an explicit or implied federal private right of action that could act as the basis for federal-question jurisdiction.  *See Wescom Credit Union v. Dudley*, No. 10-CV-8203, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010); *Deutsche Bank Nat'l Trust Co. v. Jora*, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n. 3 (E.D. Cal. Oct. 1, 2010) (unpublished) (citing *Fannie Mae v. Lemere*, No. S-10-1474 MCE GGH PS, 2010 WL 2696697, at *2 (E.D. Cal. July 6, 2010) (unpublished)); *Nativi v. Deutsche Bank Nat'l Trust*, No. 09-06096 PVT, 2010 WL 2179885, at *1-4 (N.D. Cal. May 26, 2010) (unpublished).

:

Initials of Preparer    JG